**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RYAN JOHNSON, #3037-16,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:18-CV-0349-M-BK** |
| | § | |
| **SHERIFF CHARLES EDGES,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. Doc. 5. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On February 13, 2018, Plaintiff, a county inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Defendant Charles Edges, the Sheriff of Ellis County. Doc. 3 at 3. He asserts that jail officials have "opened and inspected" his legal mail without his permission, in violation of his constitutional rights as well as his "lawyer-client confidential rights." Doc. 3 at 4; Doc. 7 at 3. Specifically, Plaintiff complains that on January 22, 2018, a letter to him from Attorney Kent McGuire, who is representing him in various criminal matters, was improperly opened by jail officials. Doc. 3 at 4. He avers that while "the legal mail was opened accidentally by a new officer in training,"—as was related in response to his prison grievance, Doc. 3 at 6—that has been "the jail's standard response every time it happens." Doc.

7 at 2.  Plaintiff, thus, requests monetary relief and an order directing Defendant to have all prison mail handled by U.S. Postal Service employees.  Doc. 3 at 4.

## II. ANALYSIS

### A.  Judicial Screening

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  And a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, the complaint is frivolous and fails to state a claim.

### B.  No Constitutional Violation or Supervisory Liability

Plaintiff asserts a constitutional violation stemming from the inadvertent opening of his legal mail outside of his presence.  Doc. 3 at 4.  However, prisoners do not have a constitutional

right to be present when privileged, legal mail is opened and inspected. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) (holding that the violation of a prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights); *Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015) (per curiam) (same).

Moreover, Plaintiff does not allege that he was prejudiced in his criminal proceeding because the mail room staff accidentally opened his legal mail outside of his presence. In response to the Magistrate Judge's Questionnaire, Plaintiff contends that jail officials became "aware of the strategy" that he is taking in his criminal cases, but does not indicate that any harm resulted. Doc. 7 at 8. That is insufficient. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (holding that to demonstrate denial of access to the courts, prisoner must demonstrate an actual injury stemming from the defendants' unconstitutional conduct); *Brewer*, 3 F.3d at 825 (opening of incoming legal mail outside of prisoner's presence did not state cognizable claim for denial of access to the courts where inmates did not assert that their ability to prepare or transmit a necessary legal document had been affected); *see also Sanders v. Carnley*, 100 F. App'x 236, 237 (5th Cir. 2004) (per curiam) (assertions that sergeant opened prisoner's legal mail outside his presence were insufficient to establish denial of access to the courts).

That notwithstanding, Sheriff Edges may not be held liable under section 1983 for supervisory liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action). In answer to the Magistrate Judge's Questionnaire, Plaintiff concedes that he is suing Edges only because of his

3

"status as sheriff," and alleges no facts that implicate Sheriff Edges' personal conduct.  Doc. 7 at 4  Doc. 7 at 4.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  However, leave to amend is not required when plaintiff "has already pleaded his 'best case.'"  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein, Plaintiff's claims are fatally infirm.  In addition, the Court has already given Plaintiff the opportunity to supplement his complaint by his answers to the Magistrate Judge's Questionnaire.  Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, Plaintiff's complaint should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Additionally, such dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury.").

      **SO RECOMMENDED**, May 7, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE