IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN JOHNSON, #3037-16 § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL CASE NO. 3:18-CV-0349-M-BK | |
| § | | |
| SHERIFF CHARLES EDGES, § | | |
|     Defendant. § | | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. On May 21, 2018, Plaintiff filed a *pro se* letter motion seeking "to appeal and amend" his claims. The Court liberally construes Plaintiff's pleading as objections and a motion for leave to amend the complaint.

Plaintiff's motion for leave to amend is **DENIED** as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend). As the Magistrate Judge found, Plaintiff does not have a constitutional right to be present when privileged, legal mail is opened and inspected, and his pleadings fail to indicate what harm, if any, resulted when jail officials opened his mail outside of his presence. In his recent letter, Plaintiff asserts "the D.A.'s office was given insight on how to prepare for my defense," but he does not explain what that "insight" was and how it harmed his pending criminal case. He also claims that he "missed a deadline on his appeal." However, he complains only of purported delays in receiving correspondence at the detention center, not alleged harm caused by the opening of his mail outside of his presence. Moreover, as noted in the recommendation, Sheriff Edges, the only Defendant named in the complaint, may not be held

liable under 42 U.S.C. § 1983 for supervisory liability. As such, allowing Plaintiff to amend would be futile.

Having made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made, the objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Findings and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).[1] In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

SO ORDERED this 30th day of May, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

---

[1] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order. A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.