**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RYAN JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | USDC NO. 3:18-CV-0349-M-BK |
| | § | USCA NO. 18-10887 |
| SHERIFF CHARLES EDGES, | § | |
| Defendant. | § | |

**ORDER REGARDING IN FORMA PAUPERIS ON APPEAL**

Before the Court is Plaintiff's motion to proceed *in forma pauperis* on appeal. Considering the record in this case and the recommendation of the Magistrate Judge, the Court hereby finds and orders:

(**X**)   The motion for leave to proceed *in forma pauperis* on appeal is DENIED for the following reasons:

( )   The plaintiff is not a pauper.

(X)   The plaintiff has not complied with the Court's deficiency order, which required him to submit a motion on the court form with a certified statement of the balance in his inmate trust account.   *See* 28 U.S.C. § 1915(a)(1) or (a)(2).

( )   The plaintiff is barred by "three strikes" from proceeding *in forma pauperis*.   28 U.S.C. § 1915(g).

( )   Pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), the court certifies that the appeal is not taken in good faith.   In support of this finding, the court adopts and incorporates by reference the Magistrate Judge's Findings and Recommendation entered in this case on May 7, 2018.   *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997).   Based on the Magistrate Judge's findings, this Court finds that the appeal presents no legal points of arguable merit and is therefore frivolous.

IF PERMISSION TO APPEAL IN FORMA PAUPERIS IS DENIED BECAUSE THE COURT CERTIFIES THE APPEAL IS NOT TAKEN IN GOOD FAITH, COMPLETE THE SECTION BELOW.

(   )   Although this court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), the plaintiff may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order.   The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the plaintiff moves to proceed

on appeal *in forma pauperis* the prison authorities will be directed to collect the fees as calculated in this order.

( )    The plaintiff is assessed an initial partial fee of $_____. The agency having custody of the plaintiff shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court. *See* 28 U.S.C. § 1915(b)(1).

( )    The plaintiff is not assessed an initial partial fee. *See* 28 U.S.C. § 1915(b)(1).

( )    Thereafter, the plaintiff shall pay $505.00, the balance of the filing fee, in periodic installments. The plaintiff is required to make payments of 20% of the preceding month's income credited to the plaintiff's prison account until plaintiff has paid the total filing fee of $505.00. The agency having custody of the plaintiff shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If the plaintiff moves to proceed on appeal *in forma pauperis*, the clerk is directed to transmit a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

SO ORDERED this 4th day of September, 2018.


BARBARA M. G. LYNN
CHIEF JUDGE