IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN JOHNSON, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:18-CV-349-M-BK |
| § | |
| CHARLES EDGES, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Order of Reference*, this case is before the United States Magistrate Judge on the issue of whether the untimely filing of Plaintiff Ryan Johnson's *pro se* notice of appeal was due to excusable neglect or good cause. Doc. 23. On November 19, 2018, the United States Court of Appeals for the Fifth Circuit deemed Johnson's July 2, 2018 *pro se* notice of change of address and request to prove rights, Doc. 15, as "a timely motion for finding excusable neglect or good cause for filing the notice of appeal late," and remanded the matter to this Court. Doc. 22. For the reasons that follow, the Court finds that Johnson has shown excusable neglect and good cause for his late notice of appeal. As such, an extension of 30 days to file a notice of appeal should be granted, and Johnson's July 12, 2018 Notice of Appeal, Doc. 17, deemed timely.

I.

On May 30, 2018, the Court entered its final judgment summarily dismissing this civil rights action as frivolous and for failure to state a claim. Doc. 12. Thus, the deadline for filing a timely notice of appeal was June 29, 2018. On May 31, 2018, the Clerk of the Court entered on the docket Johnson's notice of address change, filed the previous day, and, on June 1, 2018, re-

mailed the judgment to Johnson's new address at the Gurney Unit. Doc. 13 and June 1, 2018 electronic docket entry.

On July 2, 2018, Johnson submitted a letter motion "to prove [his] rights,"[1] in which he requested an update on the status of his case "A.S.A.P." and advised that his permanent address had changed to the Lynaugh Unit. Doc. 15. On July 3, 2018, the Clerk of the Court responded by mailing a copy of the judgment to Johnson's Lynaugh Unit address. Doc. 15 at 6. On July 12, 2018, Johnson filed his *pro se* notice of appeal. Doc. 17. As noted previously, the appellate court treated the notice as a motion for extension of time to appeal.

Following the partial remand, the Court granted Johnson an opportunity to show excusable neglect or good cause for the late appeal under FED. R. APP. P. 4(a)(5). Doc. 24.

In response, Johnson asserts *in toto*:

> I want to file an extension on my time to appeal. The reason why it was late was because the guy the [sic] works in the law library here at the Lynaugh Unit did not send it off in time which was my change of address and I told him that I will send it in to make sure that it got sent in, and he told no [sic] that he has to be the one to send it in! His name is Rameiz and that is why it was late. So if you can please grant this motion and give me and extention [sic]? This is a sworn [sic] under penalty and [sic] perjury. Please will you grant this time to appeal?

Doc. 26 at 1. In the response, Johnson again listed his "change of address" to the Lynaugh Unit.

---

[1] The Court liberally construed the motion as a request for reconsideration of his motion to amend and denied it. Doc. 16.

II.

A district court may extend the time for filing a notice of appeal by 30 days if the plaintiff can show excusable neglect or good cause for not meeting the deadline. *See* FED. R. APP. P. 4(a)(5)(A).[2] The question of whether there is excusable neglect under Rule 4(a)(5)

> is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well. *Pioneer*, 507 U.S. at 394-95. However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392.

The record reveals that Johnson was transferred to two different penal facilities around the time the Court issued its judgment dismissing this case. Moreover, Johnson appears to have notified the Court of these address changes within a reasonable time of each occurrence. It also appears that Johnson was diligent in prosecuting his claims, having timely filed an objection to the *Findings, Conclusions and Recommendation of the United States Magistrate Judge*, with a request for leave to amend, on May 21, 2018, Doc. 10, despite being transferred to a new facility

---

[2] Under Rule 4(a)(5)(A) "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

very shortly thereafter, Doc. 13. Johnson's interest in pursuing his claims was also apparent in his correspondence to the Court filed July 2, 2018, following his second transfer, when he again asked the Court to permit him to amend his complaint. That he requested an update on the status of his case in that same letter motion supports a finding that Johnson had not yet received a copy of the Court's May 30, 2018 judgment dismissing his case. Finally, it is also very telling that within a few days of receiving the response of the Clerk of the Court advising him that the case had been closed, which included a copy of the judgment, Johnson filed his notice of appeal. Doc. 17 at 1.

Considering the minimal delay involved, the absence of prejudice, and Johnson's prompt action in preparing his notice of appeal after being provided a copy of the judgment with the July 3, 2018 status update, the Court concludes that he has sufficiently demonstrated excusable neglect and good cause and that an extension of time to appeal should be granted.

III.

Based on the foregoing, the Court should extend the deadline for filing Plaintiff's notice of appeal under FED. R. APP. P. 4(a)(5) based on excusable neglect and good cause and deem his notice of appeal timely filed.

**SO RECOMMENDED**, January 29, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE